UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01136-RGK-JDE | Date | October 6, 2020 |
|---|---|---|---|
| Title | *RUBEN PAUL GONZALES v. STRACK GROUND et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re Dismissal Based on Mootness

On June 26, 2020, Plaintiff Ruben Paul Gonzales ("Plaintiff") filed a Complaint against Defendant Strack Chauffeured Transportation, Inc. d/b/a Strack Ground ("Defendant Strack") and Hampton Ventures Broadway, LLC alleging (1) negligence and violations of (2) Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), (3) Unruh Civil Rights Act, California Civil Code §§ 51–53, and (4) California Disabled Persons Act, California Civil Code §§ 54, 54.1, 54.2. On July 31, 2020, the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed them without prejudice. On August 26, 2020, Plaintiff dismissed Defendant Hampton Ventures Broadway, LLC.

Plaintiff's remaining ADA claim against Defendant Strack is based on the allegations that the parking lot owned or leased by Defendant Strack has no van-accessible parking, disabled persons parking, and required disabled persons parking signage. Plaintiff seeks to make Defendant Strack's parking lot compliant with the ADA.

On August 31, 2020, Defendant Strack filed a Motion to Dismiss Plaintiff's ADA claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court has reviewed the parties' briefs and exhibits. The exhibit filed by Defendant Strack indicates that the parking lot that is the subject matter of the ADA claim has been fixed and is now statutorily compliant. (Strack Decl. Ex. 2, ECF No. 16-4.) Plaintiff does not dispute this fact. (*See* Opp. at 2:4–18, ECF No. 21.)

ADA provides only injunctive relief. 42 U.S.C. § 12188(a)(2). Therefore, when a defendant voluntarily remedies the alleged violation, the plaintiff receives the only relief to which he or she would have been entitled, rendering the ADA claim moot. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

Accordingly, the Court **ORDERS** both parties to respond in writing why the Court should not dismiss the action in its entirety as moot. The parties' responses are limited to **TEN (10) PAGES in length**, to be filed within **FIVE (5) DAYS** of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01136-RGK-JDE | Date | October 6, 2020 |
|---|---|---|---|
| Title | *RUBEN PAUL GONZALES v. STRACK GROUND et al* | | |

**IT IS SO ORDERED.**

                                                                                                          _____ : _____

Initials of Preparer        jre